UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Yousef, et al                    Civil Action No. 13-0542

versus                        Judge Richard T. Haik, Sr.

Falcon, et al                    Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is a Rule 12(b)(6) Motion To Dismiss filed by defendants Deputy Karry Falcon, individually and in his official capacity, and Sheriff Michael W. Neustrom, in his official capacity [Rec. Doc. 7].[1] For the following reasons, the defendants' motion will be granted.

### I. Background

This action is brought by plaintiffs, Salah Yousef and Yousef Enterprises, LLC, for wrongful seizure of property pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments, against Karry Falcon, in his Individual Capacity and in his Official Capacity as a Deputy Sheriff of Lafayette Parish, and Michael W. Neustrom, in his Official Capacity as Sheriff of Lafayette Parish. Plaintiffs allege that on March 15, 2012, Deputy Falcon, using a search warrant unlawfully seized the checking account of Yousef Enterprises in the amount of $58,174.07. Plaintiffs further allege that Deputy Falcon intentionally made omissions of material fact from the search warrant application which induced the magistrate to sign the warrant.

---

[1] Defendants withdrew their motion related to improper service. *R. 14, 15.*

## II. Motion To Dismiss Standard

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007) (quotation marks and ellipsis omitted). Accordingly, Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotation marks omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (citation, footnote, and quotation marks omitted).

## III. Analysis

### Claims By Plaintiff Salah Yousef

Plaintiff Salah Yousef ("Yousef") alleges his entitlement to bring this action based

on his status as the owner of Yousef Enterprises, which owned the checking account that was the subject of the allegedly wrongful seizure. Defendants contend that Yousef, a shareholder of Yousef Enterprises, cannot sue on behalf of the limited liability company, Yousef Enterprises, and must be dismissed because the sole cause of action resulted from the seizure of the checking account which belonged to Yousef Enterprises. Defendants do not dispute that Yousef Enterprises, LLC can maintain a claim under § 1983.

Corporation and legal entities, such as Yousef Enterprises, LLC have the right to bring claims of violations of constitutional rights. Section 1983, however, affords no right of action to individual shareholders of a corporation when the corporation itself has sued, in the same complaint and on the same theories, for the same harm. 42 U.S.C. § 1983. In general, shareholders lack standing to assert an individual § 1983 based on harm to the corporation in which they own shares. *Gregory v. Mitchell*, 634 F.2d 199, 202 (5th Cir.1981) (shareholders in bank could not maintain § 1983 action in respect to treatment of bank as only the bank suffered any cognizable injury).

Yousef contends that because he has alleged "personal damage," including damages to his reputation, having to borrow money to maintain his and the company's cash flow, and being deprived of the use of the money, his own claims fall within an exception to this rule. *R. 16.* The record indicates, however, that the only asset seized was the bank account of Yousef Enterprises. No personal accounts of Yousef were seized and no action was taken against Yousef personally. *R. 18.* The Fifth Circuit has long stated,

> The general rule is, of course, well established that an action to redress injuries

3

> to a corporation, whether arising out of contract or tort, cannot be maintained by a stockholder in his own name but must be brought in the name of the corporation, since the cause of action being in the corporation, the stockholder's rights are merely derivative and can be asserted only through the corporation. The general rule is applicable in cases where the individual is the sole stockholder. The rule does not apply in a case where the stockholder shows a violation of duty owed directly to him. *That exception to the general rule does not arise, however, merely because the acts complained of resulted in damage both to the corporation and to the stockholder, but is confined to cases where the wrong itself amounts to a breach of duty owed to the stockholder personally.*

*Schaffer v. Universal Rundle Corp.*, 397 F.2d 893, 896 (5th Cir. 1968)(emphasis supplied). Because Yousef has not suffered a "direct, nonderivative injury," § 1983 affords no right of action to the individual shareholder. *See Diva's Inc. v. City of Bangor*, 411 F.3d 30, 42 (1st Cir.2005) (shareholder who failed to allege any injury separate from the injury to the corporation lacked standing to bring a § 1983 claim); *Caravella v. City of New York*, 79 Fed.Appx. 452, 453 (2nd Cir. 2003) (same); *Potthoff v. Morin*, 245 F.3d 710, 717 (8th Cir.2001) (explaining that an individual shareholder's section 1983 claim "can survive only if he has alleged that he personally has suffered a direct, nonderivative injury"); *Flynn v. Merrick*, 881 F.2d 446, 450 (7th Cir.1989) ("Filing suit under 42 U.S.C. § 1983 does not diminish the requirement that the shareholder suffer some individual, direct injury.").

*Municipal Liability of Sheriff Neustrom*

Defendants further contend that plaintiffs fail to state a claim for municipal liability under 42 U.S.C. § 1983 adverse to Sheriff Neustrom. A suit against the Sheriff in his official capacity is tantamount to a suit against the municipality. *Hafer v. Melo,* 502 U.S. 21 (1991). To establish municipal liability, a plaintiff must prove: (1) the existence of an official policy

(or custom), of which, (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy (or custom). *Pineda v. City of Houston,* 291 F.3d 325, 328 (5th Cir.2002).

Plaintiff contends that the alleged false statements and omissions in the warrant application "clearly demonstrate that Deputy Falcon was not properly trained...." R. 16. Plaintiff has failed, however, to state any policy or custom of Neustrom or the parish to make his entitlement to relief plausible. Therefore, based on the applicable jurisprudence, the Court will dismiss the Section 1983 claims against Neustrom in his official capacity for failure to state a claim. *Iqbal,* 556 U.S. at 678–79 (When the facts alleged do not permit a court to infer more than a mere possibility of misconduct, the plaintiff has not demonstrated his entitlement to relief and has not met his burden to defeat a motion to dismiss).

*Punitive Damages*

As plaintiff concedes punitive damages are not available against Sheriff Neustrom in his Official Capacity, the Court will grant defendants' motion that regard as well.

*Conclusion*

Based on the foregoing, plaintiff Salad Yousef's claims under § 1983 and plaintiffs' claims against Sheriff Neustrom, in his official capacity, as well as plaintiffs' claims for punitive damages against Sheriff in his official capacity must be dismissed. The claims remaining in this action are those of plaintiff, Yousef Enterprises, LLC, against Deputy Karry Falcon.

_____
Richard T. Haik, Sr.