# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE  DIVISION

Yousef, et al                                          Civil Action No. 13-0542

versus                                                 Judge Dee D. Drell

Falcon, et al                           Magistrate Judge Carol B. Whitehurst

## REPORT AND RECOMMENDATION

Before the undersigned, referred from the District Judge on July 21, 2016, *R. 68*, is a Rule 12(b)(6) Motion To Dismiss filed by Defendants Deputy Karry Falcon, individually and in his official capacity, and Sheriff Michael W. Neustrom, in his official capacity [Rec. Doc. 59], Plaintiff's Memorandum In Opposition [Rec. Doc. 64] and Defendants' Reply thereto [Rec. Doc. 67].  For the following reasons, the defendants' motion will be granted.

### I.  Background

Plaintiffs, Salah Yousef and Yousef Enterprises, LLC, filed this action for wrongful seizure of property pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments, against Karry Falcon, in his Individual and Official Capacities as a Deputy Sheriff of Lafayette Parish, and Michael W. Neustrom, in his Official Capacity as Sheriff of Lafayette Parish.

In their original Complaint and First Amended Complaint, Plaintiffs asserted

an action for wrongful seizure of property pursuant to 42 U.S.C. §§ 1983 and 1988 as well as state law claims. *R. 1, 4.* Plaintiffs alleged that on March 15, 2012, Deputy Falcon, unlawfully seized the checking account of Yousef Enterprises LLC, in the amount of $58,174.07, using a Search Warrant issued on March 13, 2012. *Id.* Plaintiffs further alleged that Deputy Falcon intentionally made omissions of material fact from the 2012 search warrant application which induced the state court magistrate to sign the warrant. *Id.* In particular Plaintiffs alleged that Deputy Falcon's seizure and freezing of Plaintiffs' checking account deprived Plaintiffs of their rights to the account without any procedural due process and violated their right to substantive due process and the right to be free from illegal searches and seizures. *Id.*

By Ruling and Order entered on December 20, 2013, the Court granted Defendants' Motion to Dismiss. *R. 21, 22.* The Court's Order dismissed all of plaintiff Salad Yousef's claims and all § 1983 claims against Sheriff Neustrom in his official capacity, leaving only the claims of Plaintiff, Yousef Enterprises, LLC ("the LLC")—a § 1983 claim against Deputy Falcon, in his official and individual capacities, and a state law claim of *respondeat superior* against Sheriff Neustrom, in his official capacity. *Id.*

On December 17, 2015, the Court granted Defendants' Motion For Summary Judgment holding that the March 13, 2012 Search Warrant was based on probable

cause and the freezing of the LLC's checking account was not illegal. The Court dismissed the claims related to the March 13, 2012 Search Warrant against Deputy Falcon and Sheriff Neustrom.

Prior to the Court's ruling on the Motion For Summary Judgment, Plaintiff filed a Second Supplemental and Amended Complaint against Deputy Falcon and Sheriff Neustrom which restated the allegations related to the March 13, 2012 Search Warrant and also asserted claims based on a April 16, 2012 Seizure Warrant and a January 9, 2013 Motion to Release Seized Property. *R. 53, ¶¶ 5, 6.* The Second Amended Complaint asserted that "[o]n or about April 16, 2012, Deputy Falcon, using a seizure warrant **again** unlawfully seized $58,174.07 of the checking account funds, but neither the seizure warrant nor the affidavit in support of the seizure warrant requested that the balance of the funds in the checking account be released, so the remaining funds and funds subsequently directly deposited into the checking account remained totally unavailable to its owner, the LLC, until all of the funds in the checking account were finally released on January 9, 2013." *R. 53, ¶ 6.* Plaintiff alleged the Seizure Warrant contained false information to induce the neutral magistrate (commissioner) to sign the seizure warrant. *Id at ¶ 19.*

Plaintiff contends that a review of the bank statements and deposit slips for the dates relevant to the Cash Transaction Reports "clearly show that all of the currency

3

deposited into the checking account came from the LLC," but despite this, "Deputy Falcon executed an affidavit in support of a seizure warrant that was issued that same day for $58,174.07 in the checking account." *Id at ¶ 20.*

Plaintiff further alleges, on August 22, 2012, Emad Edin Yousef-Abdallah ("Abdallah"), Yousef's nephew, was indicted on two counts of racketeering which occurred from on or about July 15, 2011 through March 15, 2012. *Id at ¶ 21.* On November 27, 2012, a Bill of Particulars was filed against Abdallah charging various criminal acts related to drug distribution and that he possessed or maintained funds from that enterprise in four separate banking accounts, none of which were the LLC's account.[1] *Id.*

Plaintiff contends that the lack of charges related to the LLC's account proves that "the District Attorney's Office did not believe that any deposits made by Abdallah were made of money illegally derived from the sale of synthetic cannabinoids. Notwithstanding this, Deputy Falcon continued to maintain the deposits that Mr. Abdallah had made into the checking account were illegally obtained money when Deputy Falcon had all the information he need to clearly know that was not true." *Id.* Finally, Plaintiff alleges,"[b]ecause of Deputy Falcon's

---

[1] On July 8, 2013, Abdallah pled guilty to count one of the indictment resulting in his deportation. *Id.*

insistence, it was not until January 9, 2013 that the District Attorney's office finally filed a motion to release the money in the checking account to the LLC." *Id*.

## II. Legal Standard

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007). Accordingly, Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches*

*Litigation*, 495 F.3d at 205.

When deciding a 12(b)(6) motion to dismiss, the court "must consider the complaint in its entirety, as well as ... documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) ("[W]e note approvingly, however, that various other circuits have specifically allowed that '[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

As to the Motion before the Court, in the Second Amended Complaint, Plaintiff refers to and quotes parts of the April 16, 2012 Seizure Warrant, in particular Deputy Falcon's affidavit. *R. 53, ¶¶ 12–14, 18–19*. Accordingly, the Court will consider the Seizure Warrant, including the affidavit of Deputy Falcon. *R. 43-12, 43-13*.

### III. Analysis

*A. Contentions of the Parties*

In their Motion to Dismiss, Defendants assert that Plaintiff's § 1983 claims against them are prescribed under Louisiana law. They further assert that the Second Supplemental and Amended Complaint fails to allege facts which state a claim upon which relief can be granted because (1) the claims regarding the March 13, 2012

Search Warrant have already been dismissed; (2) the April 16, 2012 Seizure Warrant did not change the status of the subject bank account, and the Court has already ruled that the freezing of the account pursuant to a prior search warrant was valid, so there is no valid Section 1983 claim; (3) the Seizure Warrant only requested forfeiture of the account balance as of March 15, 2012, and there can be no violation as to any post-warrant debits or credits to the account; (4) probable cause existed for the April 16, 2012 Seizure Warrant; and (5) there are no facts establishing that Deputy Falcon committed any civil rights violation after April 16, 2012, including any claims relative to the January 9, 2013 Motion to Release Seizure. Finally, they assert that Plaintiff's Complaint does not overcome Defendant's qualified immunity defense, as Plaintiff cannot establish that Deputy Falcon's actions were objectively unreasonable.

Plaintiff concedes that the claims related to the March 13, 2012 Search Warrant have been dismissed. Plaintiff, however, refutes that the claims in the Second Amended Complaint are prescribed asserting that the facts related to the April 16, 2012 Seizure Warrant are part of the same transaction or occurrence that formed the basis of the original Complaint. Also, Plaintiff contends that because Deputy Falcon's Seizure Warrant prevented the money in the LLC's checking account from being returned to the LLC until January 9, 2013, Falcon's actions were objectively unreasonable and violated Plaintiff's civil rights.

*1. Prescription*

Prescription of a Section 1983 claim is covered by the one-year prescriptive period under La. Civ. Code. Art. 3536. *Jones v. Orleans Parish School Bd*., 688 F.2d 342, 344 (5th Cir. 1982). ("It is well established in decisions in this Circuit that wrongs committed by Louisiana state officials in violation of federal law are considered to be torts subject to the one-year prescriptive period.") While Louisiana law determines when the 1983 action prescribes, "federal law determines when a 1983 claim accrues"; thus, an attempt to amend a complaint after prescription has run is covered under Federal Rule of Civil Procedure 15©). *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).

If the statute of limitations has run and the plaintiff wants to amend his complaint to add new parties or claims, as occurred here, the amendment must relate back to the timely filed pleading under Federal Rule of Civil Procedure 15.  FRCP 15(c) provides that an amendment to a pleading relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading."  When determining whether an amended pleading relates back, "notice is the critical element." *Williams v. U.S.,* 405 F.2d 234, 237 (5th Cir. 1968). "As long as the amended complaint refers to the same transaction or occurrence that formed the basis for the original complaint and

the defendant was put on notice of the claim by the first complaint, there will be no bar to amendment; even new defendants and new theories of recovery will be allowed." *Id*. Even Rule 15(c)'s liberal application "cannot cure a failure of the amended complaint to meet the requirements of the rule." *Holmes v.  Greyhound Lines, Inc*., 757 F.2d 1563, 1566 (5th Cir. 1985).

Defendants contend that the Second Amended Complaint involves the propriety of an April 16, 2012 Seizure Warrant relative to a bank account of the LLC based on information that criminal subject, Emad Abdallah ("Abdallah"), deposited illegal proceeds from synthetic marijuana operations into that account. Defendants argue that the transaction in the Second Amended Complaint (a seizure warrant) is different from the transaction at issue in the earlier complaints (a search warrant),  the purpose of the warrants was different and the warrants are separated in time by a month Thus, they assert the amendment does not relate back and the claims related to the April 16, 2012 Seizure Warrant in the Second Amended Complaint is time barred.

The Original and First Amended Complaints, *R. 1, 4,* as well as the Second Amended Complaint, *R. 53*, allege that the funds in the LLC's checking account were unlawfully seized based on false statements made by  Deputy Falcon in securing the Search Warrant on March 13, 2012 and then the Seizure Warrant on April 16, 2012.

9

Both warrants caused the funds in the LLC's account to be frozen or unavailable as of March 13, 2012.  The allegedly false statements made to secure both warrants involved Abdallah's involvement in "Smoke IT."

Defendants cite a number of cases in which the Fifth Circuit held that the amended complaint at issue in each of those cases did not relate back because the newly asserted claim was based on different facts, transactions and occurrences. The undersigned finds that the facts involved in those cases are distinguishable from this case.[2] Here, the newly asserted claim based on the April 16, 2012 Seizure Warrant arises out of the same conduct and transactions involved in the claim based on the March 13, 2012 Search Warrant—that the funds in the LLC's account were allegedly linked to Abdallah's illegal activity in Smoke IT.[3]

Moreover, upon granting Plaintiff's motion to file his Second Amended Complaint, this Court previously held, "the proposed amended complaint indicates Plaintiff as asserted no new claims ... [it] adds detailed factual allegations which

---

[2] Defendants cite, for example, *Mayle v. Felix*, 545 U.S. 644 (2005), in which the Court found that a post conviction petitioner whose habeas corpus delays had run could not amend his complaint to add a Fifth Amendment objection to pretrial statements he had made and *Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1566 (5th Cir. 1985), in which the original complaint alleged that an arbitration award should be set aside because of the arbitrators' improper conduct while the amended complaint focused entirely on allegations that the Union breached its duty of fair representation.

[3] The Court notes that Defendants' own arguments as to the existence of probable cause with regard to the Seizure Warrant supports that the Second Amended Complaint relates back to the prior complaints and the March 13, 2102 Search Warrant.

relate to his original claim regarding the March 15, 2012 search and seizure of the checking account" *R. 52*. Thus, Defendants' motion based on prescription will be denied.

### 2. Claims Regarding The March 13, 2012 Search Warrant

As stated in the foregoing, Plaintiff concedes that all of his claims related to the March 13, 2012 Search Warrant have been dismissed.[4]

### 3. Claims Regarding The April 16, 2012 Search Warrant

Defendants contend that the Seizure Warrant, like the Search Warrant, was based on Deputy Falcon's Affidavit and provided additional information he discovered after the execution of the Search Warrant, including information from the bank and an interview with Yousef. The record indicates that the Seizure Warrant restated the same factual information in the Search Warrant Synopsis. *R. 43-12; 43-13*. In addition, it provided the results of the search warrants for the two Smoke IT stores and the bank accounts for and/or accessed by Smoke IT and its owners,[5]

---

[4] On December 17, 2015, then District Judge Richard T. Haik, Sr., conducted a hearing on Defendants' Motion For Summary Judgment filed on January 16, 2015 (the hearing on the Motion had been delayed while this action was administratively closed). *R. 34, 40.* Holding there was probable cause on the face of the warrant, Judge Haik granted Defendants' Motion and dismissed Plaintiff's federal and state law claims related to Deputy Falcon's alleged actions of filing a false affidavit in support of the Search Warrant.

[5] Deputy Falcon's affidavit indicates that the owners of Smoke IT, LLC were determined to be Emad Edin Yousef-Abdallah "Abdallah," Samer Hesham Mohd and Ramzi Raji Sawaked. Only Abdallah is involved in this action.

including the LLC's account at issue. *R. 43-13.* The Seizure Warrant further reflects that the search of the Smoke IT stores yielded approximately 60,729 grams of synthetic marijuana with a street value of $1,214,580.00, as well as "the clandestine lab" where the synthetic cannabinacide was being produced. *Id.*

Agent Falcon stated in the affidavit that, after reviewing the financial transactions and currency transaction report, he determined that Abdallah made 10 cash deposits into the LLC's account from February 21, 2011–August 12, 2011, which generated Currency Transaction Reports each ranging from $10,000–$20,000, totaling $145,491.00. *Id.* Falcon further stated that "Smoke IT, LLC is the only source of income that [Abdallah has], which shows that the primary source of the U.S. Currency funds in the banking accounts is from the Distribution of Synthetic Cannabinoids." *Id.*

Plaintiff contends that until the Seizure Warrant was signed, the money in the account "was potentially subject to being returned to the owner of the checking account" but the Seizure Warrant was issued "to permanently deprive the owner of the money" and the status of the checking account charged. *R. 64, p.11.* The Seizure Warrant affidavit, however, also states, "Agent Falcon is researching into the [LLC's] Account Number 55021980 further to be able to confirm that the payments are indeed structured payments or legitimate funds that were deposited on behalf of the account

holder identified as Mr. Yousef." *R. 43-13, p. 2.* As previously provided, the money in the LLC's account was released on  January 9, 2013.

The Seizure Warrant reflects a March 20, 2012 interview of Yousef in which he stated that the bank account at issue, number 55021980, was for his gas station business. Yousef further stated that Abdallah was his nephew, but Abdallah was not permitted to make any deposits into the account. Yousef's store manager, Maged Moussad told Falcon that "they never trusted [Abdallah] to touch any of the money, and if he did make a deposit, it was only one time," three or four months earlier.

Contrary to Yousef and Moussad's statements, Falcon's review of the deposit amounts registered in the *LLC's* bank deposit books did not match the *Bank's* Currency Transaction Report and financial records of actual deposits—"several" being "significantly greater in amount" than the deposit slips from the LLC. While Yousef denied the possibly of such discrepancies, he never kept a daily running balance of the LLC's account to know how much U.S. Currency was in it. In a March 30, 2012 telephone conference with Deputy Falcon, Yousef could not give a reason as to why Abdallah was placing the payments into his account.

Thus, the Seizure Warrant provided additional including: (1) evidence that Abdallah was involved in the large scale illegal sale of synthetic marijuana, with the seizure of drugs valued at over $1.2 million, which involved cash transactions;

(2) evidence that Abdallah made 10 cash deposits of amounts ranging from over $10,000 to over $20,000, and totaling $145,491.00, into the LLC account;

(3) information from Yousef and his manager denying that Abdallah handled cash deposits for the gas station business; and (4) Yousef's inability to explain the cash deposits by Abdallah.

Based on the foregoing, Deputy Falcon concluded in his affidavit:

Due to the totality of circumstances, Agent Falcon believes that the owners of Smoke It LLC, are maintaining a criminal enterprise by manufacturing and profiting from the sale of Synthetic Cannabinoids, which is a Schedule I narcotic. According to the Louisiana Secretary of State Commercial Division LLC database, Smoke It LLC is registered to the following agents: Mr. Samer Hesham Mohd, Mr. Emad Edin Yousef-Abdallah, and Mr. Ramzi Sawaked. Agent Falcon also has learned that Mr. Emad Yousef-Abdallah as well as Mr. Samer H. Mohd had both transferred or moved U.S. currency into different places in an attempt to keep it from being located. Agent Falcon also learned that Mr. Samer H. Mohd and Mr. Emad Yousef-Abdallah had each obtained safe deposit boxes where a total of $190,000.00 was located after obtaining search warrants for the safe deposit boxes. It is Agent Falcon's experience that it appears that Mr. Emad Yousef-Abdallah and Mr. Samer H. Mohd have attempted to hide or move U.S. currency in either various financial banking accounts and/or safe deposit boxes to keep the U.S. currency from being located. It is believed that Mr. Emad Yousef-Abdallah had transferred U.S. currency into the Yousef Enterprises Account Number 55021980 in an attempt to keep it from being located. Therefore, Agent Falcon is requesting asset forfeiture on the said amount of $58,174.04 which is the amount that was in the account at the time of it being frozen. It is believes that the U.S. currency that Mr. Emad Yousef-Abdallah had placed into account is profit of Smoke It LLC.

*R. 43-13, p. 4*.

The affidavit in support of the Seizure Warrant was attested to by Deputy Falcon and notarized by Assistant District Attorney Alan Haney.  The warrant includes a Designation of Seizing Agent-Agency signed by Assistant District Attorney Alan Haney, which states: "The certified law enforcement officer signing as Seizing Agent is hereby designated to secure a warrant for the property described in the Seizure Warrant following and to act under La. R.S. 40:2601 *et seq* and to make proper return to the Office of the District Attorney." *Id.*, *p.  5*.  The warrant was presented to Fifteenth Judicial District Judge Marilyn Castle who granted the warrant for seizure pursuant to La. R.S. 40:2607. *Id*.

### a. Probable Cause

The Controlled Dangerous Substances Property Forfeiture Act (the "Act") allows law enforcement officials to seize illegal drugs and property constituting the proceeds of any drug-related conduct. La. R.S. 40:2601, *et seq*. The State has the initial burden of showing the existence of probable cause for forfeiture of property under the provisions of the Act. *State v. $2,540.00 U.S. Currency Seized from Foster*, 92 So.3d 1153, 1155 (La.App. 2 Cir.,2012). Because of the similarity of the Act with the federal forfeiture statutes, Louisiana courts have considered the federal jurisprudence in applying the Act. *Id.*

Probable cause for forfeiture of property under the Act exists "when the totality

of the facts and circumstances provides reasonable grounds for believing the property in question is connected to illegal drug trafficking." *State v. $144,320.00*, 105 So.3d 694, 704 (La., 2012).  Probable cause for forfeiture is satisfied when the totality of the facts and circumstances provides reasonable ground for believing the property in question is connected to illegal drug trafficking. *Id.* "It is not necessary that the government trace the property to a particular drug transaction. Rather, it is the totality of the circumstances, not a minute parsing of each item of information, that leads to a finding of probable cause." *U.S. v. One 1987 Mercedes 560 SEL,* 919 F.2d 327, 331 (5th Cir. 1990). Hearsay or circumstantial evidence is sufficient to support finding of probable cause, for purposes of the drug forfeiture statute. *State v. Property Seized from Terrance Martin*, 37 So.3d 1021, 1028, (La.App. 1 Cir.,2010) (citing *Id.*). There must be a "reasonable belief" the property was connected to drug transactions.  *State v. Cash Totaling $15,156.00*, 623 So.2d 114 (La. App. 1 Cir. 1993).

Plaintiff alleges in his Second Amended Complaint that Abdallah worked at the LLC doing various jobs and sometimes making deposits for Yousef. He further asserts that Deputy Falcon did not know that Yousef had been a successful businessman before Smoke IT existed and "would be highly unlikely to get involved with anything illegal." *R. 53, ¶ 8.* While that information may be true, the  Seizure Warrant reflects that both Yousef and his manager  provided information contrary to this position in an interview prior to April 16, 2012, stating that  Abdallah was not

permitted to make deposits, if he had ever done so, it was several months prior. Moreover, Yousef could not provide any information as to why Abdallah had placed the $145,491.00 in his account. Plaintiff's claims that Yousef was a successful businessman with no ties to  Smoke It, does not negate the fact that Abdallah, who was tied to a large scale illegal drug business, made large cash deposits into the LLC's account which Yousef could not explain.  The information regarding the connection of the funds to criminal activity established probable cause to believe the deposits were tied to the illegal drug business owned by Abdallah.

Plaintiff alleges there cannot be any improprieties with the funds because the questioned deposits all resulted in Currency Transaction Reports.  Plaintiff cites the elements of Louisiana's money laundering statute, La.  R.S. 14:230, alleging that because the evidence was not sufficient to charge Abdallah with the crime of money laundering, the Seizure Warrant was illegal. *R. 53, ¶ 11.* 14:230 provides that it is unlawful for any person knowingly to conduct, supervise, or facilitate a financial transaction involving proceeds known to be derived from criminal activity, when the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or the control of proceeds known to be derived from such violation. La. R.S. 14:230(B).  Deputy Falcon did not have to establish that either Abdallah or Yousef were engaged in "money laundering." The Seizure Warrant

17

supports the conclusion that the intent of the deposits of drug money into a business bank account were to conceal or disguise the source and ownership of the funds. Allowing Abdallah access to the account such that the deposits at issue could be made, meets the conduct identified in the statute—the issuance of Currency Transaction Reports does not negate application of this statute.

As to Plaintiff's contention that Deputy Falcon was responsible for the LLC's bank account remaining frozen until January 9, 2013, Plaintiff offers no facts to support that Deputy Falcon was the decision-maker regarding the continued seizure of the funds. As provided in the foregoing, Deputy Falcon indicated that the Seizure Warrant was necessary to confirm that the payments were structured payments or legitimate funds that were deposited on behalf of the account holder identified as Yousef. Further, the record indicates that Assistant District Attorney Alan Haney, who signed as the Seizure Agent, filed the Motion to Dismiss the forfeiture proceedings against Plaintiff. *R. 43-15.*

Based on the information gathered by Deputy Falcon from March 13–April 16, 2012, the Court finds that the Seizure Warrant contained additional probable cause for the forfeiture/freezing of the LLC's account balance as of March 15, 2012. The Court further finds there are no facts establishing that Deputy Falcon committed any civil rights violation after April 16, 2012, including any claims relative to the January

9, 2013 Motion to Release Seizure. Thus, Plaintiff has failed to establish that Deputy Falcon's actions violated his constitutional rights.

### 4. Qualified Immunity

Deputy Falcon has asserted qualified immunity with regard to Plaintiff's § 1983 claims against him in his personal capacity. Qualified immunity generally shields government officials who perform discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether a public official is entitled to qualified immunity, the Court inquires: "(1) whether the facts that the plaintiff has alleged make out a violation of a constitutional right; and (2) whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Jennings v. Patton*, 644 F.3d 297, 300 (5th Cir.2011).

In a case such as this where the seizure was made pursuant to a warrant, the Supreme Court has held that "[o]nly where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable ... will the shield of immunity be lost." *Malley v. Briggs*, 475 U.S. 335, 344-45 (1986). Whether an officer is entitled to claim qualified immunity after successfully applying for a warrant depends on whether the officer acted in an 'objectively reasonable'

19

manner in so applying. *Id*. at 345.

The Court has found that the Seizure Warrant was based on probable cause and was therefore legal. Thus, Plaintiff has failed to establish that Deputy Falcon's actions violated his constitutional rights. The  Court further finds that  Deputy Falcon was objectively reasonable in applying for the Seizure Warrant and is entitled to qualified immunity.

### 5. Respondeat Superior

Plaintiff alleges an action against Sheriff Neustrom in his official capacity "pursuant to the Louisiana doctrine of *Respondeat Superior.'*[6] *R. 53, ¶ 4B*. Under the doctrine of *respondeat superior* the Sheriff's Office can be held vicariously liable for any tortious conduct committed by Deputy Falcon. Based on the foregoing analysis as to Plaintiff's claims against Deputy Falcon under § 1983, the Court finds that Plaintiff's claims under the theory of *respondeat superior* must be dismissed as well.

### IV. Conclusion

For the reasons provided in the foregoing, the undersigned recommends that Defendants' Motion To Dismiss be granted and all claims against Deputy Falcon in his personal capacity as well as the remaining state law claim of *respondeat superior*

---

[6]  It is well settled that Plaintiff's *respondeat superior* claim against Sheriff Neustrom is not actionable under § 1983.  *Monell v. Dept. of Social Serv*., 436 U.S. 658, 693 (1978).

against Sheriff Neustrom in his official capacity be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th  Cir.1996).

**THUS  DONE  AND  SIGNED** in  Lafayette,  Louisiana,  this  13th  day  of September, 2016.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE